and basically didn't buy the testimony. I don't know what I can do with it. You Honor, can I be terribly rude? I'm having trouble starting the clock here. I know that. Not your problem. The clerk takes care of it. Oh, okay. Our problem. I'll give you a little extra minute. I'm sorry to interrupt you, Judge Kleinfeld. This is your lucky day, isn't it? Go ahead. Thank you. Can you answer my question? Yes. I agree that the Court made a credibility determination here. However, to arrive at the legal conclusion, which the Court did, Oregon law imposes on it a discipline, and Oregon law only recognizes four special circumstances in which a court can find that What do I care about Oregon law when it's a matter of procedure and a trial judge making findings of fact after hearing testimony? Because And Oregon law controls substantively, but this doesn't sound like a substantive point. Well, I think it is, because this came before the Court on a counterclaim for specific performance of breach of a settlement agreement. And so that gave J.R. Wood the burden of proof on this. It had to make a prima facie case. And to do so, there are elements that had to meet under Oregon law. And it didn't meet those elements. I've got two problems with that. First of all, it doesn't look to me like you're really talking about elements. It looks to me like you're talking about what findings a judge makes on the evidence. And second, it looks to me like the heart of your argument is that the judge can only make the findings he did on direct evidence and not circumstantial evidence. And for that, I don't see why. No, actually, I agree. The judge for an implied grant of actual authority, of course, there would be circumstantial evidence. And for apparent authority. I didn't even get to apparent authority or implied authority. It looks to me as though you lost this case on express grant of actual authority. And beyond that, the judge was just bolstering. He was saying, in addition to an express grant of actual authority, there was also implied authority and there was also apparent authority. But unless you can show that his findings of fact for express grant of actual authority were clearly erroneous, it looks as though it's all over once you finish that point. So help me on that one first. Yeah, well, I think in order to get there, the judge needed to make a finding of fact that there was an express grant. He didn't make a finding of fact, that there was an express grant of actual authority. That's what we're struggling with. Well, I think he did that. Once he gets there, isn't that the end of it?  Well, I think he made a legal conclusion that there was. Reading through his opinion, I don't see where. Like, for instance, looking at the case law in Oregon, the two cases where it occurred. In the CalFed case, the Belli firm had a fee agreement that gave power of attorney to counsel to settle on behalf of the client. Or in the Kaiser case, the client's testimony was, I told my attorney to settle for me, but I told my attorney to make the move. I know you're arguing the point Judge Kleinfeld was raising. You're arguing there was no direct evidence, and therefore, the judge couldn't make the factual finding based on circumstantial evidence. That's not the law. But the law of an express grant says that's exactly what it is. It's explicit. If there's no explicit grant, then it must fit into some other category. I'm reading the judge's findings of fact here, and he says, the only reasonable conclusion is that Field acted with Weissman's knowledge and approval in page 79, excerpt page 79, line --- That's in the conclusions, though. You're right. He titles it in the conclusions. I'm looking at this findings of fact and conclusions of law, and I see the judge saying a number of things in the findings of fact section, which starts on page 75. I didn't see where he said in there that there was actual authority. I thought he did that as a conclusion of law. So I'm not entirely certain evidence foreclosed by his finding. He has divided his findings of fact and conclusions of law into these two sections. I assume they were interchangeable because of footnote 1, page 75, lines 23 through 25. That doesn't quite get there for me. Now you see what we talk about in conference.  So let's say we accept the judge's footnote 1, and we'll discuss it further in conference, I'm sure, at page 75, lines 23 through 25. How do you get around page 79, lines 7 through 9, the only reasonable conclusion is that Field acted with Weissman's knowledge and approval in accepting the settlement agreement? That looks to me like the judge is making a finding of fact that Field acted with Weissman's knowledge and approval. Let's express actual authority. Well, you know, in response to that question, Your Honor, I think — I'm not trying to get around it. I think Judge Panner got around it by arriving at this conclusion without making a requisite factual finding. Under Oregon law — I thought that was a factual finding. But where is — Did Weissman know? Did Weissman approve? If Weissman, House counsel, actually approved, that's actual — and knew, that's actual authority. But there are three types of actual authority. This judge hasn't delineated which type he's talking about. And if he's talking about an express grant, he has to make a finding of an express grant. He's made a conclusion there was an express grant. But reading through this, it's impossible to know when that express grant occurred. And reading his decision, you can't tell when there was this purported acceptance of the settlement. He just comes to this conclusion. It still doesn't matter when it occurred, so long as it occurred prior to the statements, you know, we're exchanging drafts and all that sort of thing. Well, you know, on the one hand, it wouldn't. But in trying to make sense of this opinion, I think it does matter, because he doesn't make any finding that it was in the fee agreement. Client told attorney, go ahead and do it. Client in court, represented to the court, I give my attorney authority for me. Or in front of a third party, client's conduct led the third party to believe. Or with an implied grant, client's conduct led the attorney to believe that the attorney defined the client. Those are the four different methods. And reading through this and analyzing Oregon's law, it just doesn't get there. Well, the specific, without moving one of his sentences from the conclusions of a lot of the findings, for his nice footnote, here's the way it looks to me. I mean, it looks like he's made a number of concrete findings, which include that the company's in-house counsel was fully advised of every communication. There's email copies of it. And from that, if we look at it, that's a factual finding. In-house counsel gets a copy of everything from you, I guess, as the outside lawyer. And there's no objection interposed. And, you know, you make your statement, looks like we've got a deal. Or to send it to me, I'll send it to my client to sign. If we view that, then, as a legal question, whether there was actual authority, what's your best argument that there wasn't actual authority? I've read your brief, and I think the issues are close. But there's a lot here that Judge Panner has relied on. And certainly, if your client didn't want that deal, your client could have protected itself by interposing, by letting you know before you made your communication. Okay. You know, here's my analysis in response. I think this can't be a direct grant, an express grant of actual authority. It can't be by ratification. It can't be apparent authority. And I can go into the reasons if you want me to, but very specifically in response to your question, all that it could possibly be is an implied grant of actual authority. Because if, in fact, there was binding authority to the lawyer from the client, it would have to come from circumstantial evidence. And to analyze whether or not that occurred, we have to look at the acts and conduct of the principal and the nature of the task. Here's a principal, if he was micromanaging a client, if he's micromanaging the attorney, he's an attorney himself and he knows he could just say, go ahead, sign the stipulated judgment of dismissal. We're done with it. I see it that way. The way I see it is, well, like when I used to do insurance defense work, if the insurance company, if I would pass on an offer to them, and they would say, okay, we'll accept it. And then I told the plaintiff's lawyer, it's accepted. The deal was done. I had spoken with actual express authority from the insurance company, and they were bound. And if they later told me, a week later, hey, we want something a little different, tough, case is over. And it looked to me like that's how Judge Panner read this case. I agree that that's how. I had no signing authority. I had to send documents to the insurance company to sign. Still, once they told me on the phone, we'll accept it. And I told that to the plaintiff's attorney. It was a done deal, which is the words that Judge Panner used here for the analogous circumstance. And I agree that that's, I agree that that's his analysis, but I think it's faulty because under the implied grant of actual authority, we have to look also at the nature of the task. I was asking about an express grant of actual authority. But that's an explicit act. And where I'm getting to is looking in the context of this, it just doesn't make sense. An express grant may be proved by circumstantial evidence. It doesn't exist in the case law where it's proved by circumstantial evidence. The case law says an express grant is what it says. It's something explicit. If it's circumstantial evidence, I think you have the implied grant of actual authority. That's two different things. Well, they're both actual authority. They're two different methods of getting there. You're mixing up how the authority is created and how an adversary proves that the authority was created. Well, I think there's a type of authority called actual authority, and that's authority that the principal intends the agent to have. And there are three different methods that can be granted. And what I'm saying is the express grant has to be explicitly, has to exist explicitly. In the case law, it exists in a fee agreement or when a client says, I told my attorney to settle, but I told them to wait a few hours. It sure sounds to me like we're back to this direct versus circumstantial evidence. What you are saying is that in the absence of testimony either from you or from, was it Mr. Wiseman in the in-house? Yes. A lawyer, that you were given actual authority to bind the company to the settlement or in the absence of you producing during discovery some fee agreement or other letter that made that express grant that the evidence simply cannot support an express grant of authority. And I just, I don't understand our law to be that it has to be direct evidence. I don't understand why the district court can't look at all the emails that pass between you and opposing counsel with copies to your in-house client. Well, it can and it should, and it did. And if there was an express grant, there would have been a statement in the email. My client gave me settlement authority. There can still be circumstantial evidence. It's just not an express grant. That has to be implied or has to be apparent. Okay. I understand your argument. I guess we just agree. I understand it. There's a fact finding that you told the other counselor. Settlement agreement's fine, except for a typographical error and you would send it to your client to sign. And that, on its face, it seems to me is somewhat ambiguous as to the legal status because that could mean it's fine with me, but the opera isn't over until my client signs it. Or it could mean it's a done deal is the way Judge Panter looked at it. And this is just a formality. The agreement, I assume, had a signature line for the company, right? That's correct. Didn't have a place for the lawyer to sign as... That's correct. ...for the company. Did it have a separate sign-off for the lawyers to sign the agreement? I believe, no, there was a separate stipulated judgment of dismissal and the emails say that would come afterwards. The agreement itself. Correct. Clients only. Did it have, like, a place for lawyers to sign like I've advised my client? It's pretty rare. No, it's... It was client signature, yeah. ...for the clients and the lawyers to sign. That's correct. Can I interject a quick point here that I've been trying to get in? Thank you. The second step of the implied grant of actual authority is to look at the nature of the task and to do that and context this, here's a case where there's a plaintiff in a consensual lawsuit. It's just settled out six weeks prior, it's on the record, for $250,000 with the third party. Here it is suing the second party. It doesn't have to be in the lawsuit. It doesn't have to hire an attorney. It wants to be there. It's suing to get money. In the same statement where the attorney, my letter says, we're on a short discovery deadline, we have to reschedule the depositions. That suggests there's an intent to continue with the litigation and when the client gets back to the attorney with feedback, it says we need 10% of their proceeds. The nature of the task here under implied grant of actual authority is to go get money for the client. That's what this lawsuit's about. It doesn't make sense that a plaintiff in this position would want to get a dismissal with prejudice and walk away. If it were the defendant doing it, that would make a lot of sense. But I don't think it makes any sense under this analysis that a plaintiff who just got a quarter million dollars six weeks ago coming out of a no-asset bankruptcy case that's litigating against a third party against a clearly solvent defendant would want to walk away in a dismissal with prejudice. Didn't Judge Panner find that essentially the evidence suggested to him that Mr. Weissman had second thoughts, buyer's remorse, if you will, and sought to add an additional term after the deal was done, which was to get 10% of this third-party action? He stated that reopening the Alta involuntary bankruptcy case Alta was the source of the $250,000. Reopening the Alta involuntary bankruptcy case he concluded was an ingenious afterthought. And that's fine. That doesn't affect the legal analysis one way or the other. Getting 10% of the proceeds from J.R. Wood's litigation wasn't mentioned in Judge Panner's findings. Thank you, counsel. Thank you. Oh, sorry. Well, I did have one final question. We focused the whole argument on the actual authority or implied grant, unimplied grant of actual authority. Judge Panner also said there was apparent authority based on the facts that he'd laid out. What's your explanation under Oregon law why there was not apparent authority? Well, apparent authority arises in the mind of a third party based on the actions of the principal in their presence. Here, Wiseman and the third party here is Bocce, defense counsel. Those two never met. Okay, so Wiseman didn't do anything in the presence of the other side. So it's impossible for there to have been apparent authority. Okay, thank you. Yeah, but as distinguished, implied grant of actual authority is in the mind of the attorney. It's not in the mind of the third party. And, you know, again, here in the mind of the attorney, me, I'm saying we need to keep these depositions on track. That's not the language of someone who thinks they're dismissing a lawsuit and walking away. I would have thought that if there was an implied grant of authority, it's more focusing on the communications and intent of the grantor, that is, of your client, whether Wiseman implicitly gave you authority to wrap it up. Yeah, it's the nature and acts of the principal and the nature of the task. And another distinction is with apparent authority, there can be a malpractice suit under Oregon law because the lawyer can inadvertently bind his client under implied authority that can't be because implied authority is actual authority. It's not just apparent to a third party. Thank you. Good morning. Timothy Jones on behalf of J.R. Wood, Inc. The brief submitted by appellants makes it clear their issue is they say that there are no disputes as to the facts and we submit the trial court clearly indicated there were disputes and those disputes were resolved in favor of my client and thus the appeal here will have to show clearly erroneous determinations by the court which I don't believe that they can find. Let's address Judge Banner's ruling as to the separate segments at least. I'm not totally sold on his footnote one that we can move conclusions to findings or findings to conclusions. I'm looking at everything he put under the heading of findings of fact as a factual matter that we accept unless it's clearly erroneous and I have no reason to think there's evidence that would show anything on pages ER 75 through ER 77 are clearly erroneous so I accept all those but when you go beyond that into the section that he's put under conclusions of law they seem to me somewhat judgmental issues and issues of characterization of what's occurred so it seems to me we're not really reviewing that under a clearly erroneous standard we're reviewing that under Oregon law for de novo as to whether he's right. Well, I would start with the notion that the findings of fact which are stated and accepted under the clearly erroneous standard all support the positions that are taken in the conclusions of law. I think you also have to look at the court's footnote and accept the notion that the court at least contemplated them as being altogether whether that is correct or incorrect. He may have contemplated that but I don't think it's the proper procedure so at least it doesn't sell me. Well, then look at the statements. Looking at the record at page 78 the court says Weissman's objective manifestations show that he gave field actual authority to accept the settlement agreement and then the court says id which I assume I'm looking I'm sorry I'm looking beginning at lines four through line six on page 78 Weissman's objective manifestations show that he gave field actual authority to accept the settlement agreement and the court says id which I assume means refer to above and when you look at the the settlement that we have carbon copy the lawyer says it's fine it's fine looks fine except for a typo and I'll send it to my client to sign that could be interpreted my client has to sign it the agreement on its face calls for the client's signature I understand I believe there is Oregon authority and authority on the formality of the signature as opposed to a settlement agreement that was contingent as a conditioned precedent I agree you could have such an agreement and if the judge had framed a finding of fact on that it would give me a lot of help but he didn't I'm more looking at it as to whether given the specific findings he made does the law apply de novo show actual authority well I think on the actual authority issue you have to start with the notion of the testimony of Mr. Weissman that Mr. Field didn't do anything without his approval and that's the problem with these cases you rarely get the principal walking into court saying I gave him the authority the trial judge has to look at these circumstances put it all together look at the credibility of the witness I would like to make one point cited in their brief it's the testimony of Mr. Weissman the question for Mr. Field was what did you authorize me with regard to the settlement I offered and then he stopped and then said I asked you to convey via the attorneys for J. R. Woods and he goes on to say the proposal of possible settlement a trial judge sitting there watching that testimony sees somebody say I offered and then he stops and then he goes on to characterize something that shows up nowhere in the documents that is why the trial judge's determination on these factual issues has to be reviewed under the clearly erroneous standard and that is why deference needs to be given to their findings the fact of the matter is that as was said earlier the reality is that a client generally gives some level of authorization for someone to communicate an offer and the other side communicates it to their client and the client communicates back their acceptance that makes a deal and there is nothing in the record to indicate that isn't what happened and those are the findings that are reflected both in the conclusions of law section and I submit that without a parent authority and here the judge noted that because of the relationship and the control and the fact that Mr. Field would not be able to do anything without his client's authority that plays right into a parent authority and the court makes the comments in the section on the findings of that as well so it's not just what Mr. Weissman did to Mr. Bocci it's what he would have told Mr. Field that giving a parent authority absolutely that's what the restatement says it is in section eight restatement second it's okay I'll find it but basically it's a focus you're saying not on what Mr. Field may have done on his own but it's a focus on what Mr. Weissman told Mr. Field to do two things one is what Mr. Weissman would have manifested to Mr. Bocci if he had actually had communications with him the issue there is Mr. Bocci seeing the cc's on the emails and believing that Mr. Weissman was informed about what was going on but the second issue is what Mr. Weissman told Mr. Field to communicate to Mr. Bocci is also evidence of apparent authority this footnote one by the way I'm just curious about this is this and Judge Panner has been handling these cases for a long time is this sort of standard do you know if this is a standard footnote in his opinion I can tell you I don't know the answer to that 20 years of practice 25 years maybe I don't recall ever seeing one exactly like this do you feel you can make your case of actual authority on an implied grant from the findings of fact that are shown in the section designated findings of fact I'm sorry do you feel that you can make your case for an implied actual authority from the findings of fact that are set out and designated as such in his opinion in other words are they adequate to support implied authority I would frankly have to go back and review those specifically to make that statement your honor I can give you a citation by the way to the restatement second and there's actually a case that we cited to the court the national labor relations board versus donkins case which is 532 f second 138 the ninth circuit opinion and it's citing to the restatement of torts second and it says apparent authority results when the principal does something or permits the court  make a statement to the board in addition to the express grant through the circumstantial evidence found by the court I'd like to answer any other questions you have I really have no other comments to make thank you counsel thank you thank you labor organic versus wood is submitted we'll hear united states versus rubus gonzalez hold on one second did mister uh uh mr. jones i'm sorry mr. jones mr. field did you have time left no he'd gone way over you were over your time okay we're done thank you take up your time oh no no  is fine revas gonzalez   . . . . . . . . . . . . . . . . . . . .
judges: Kleinfeld, Gould, Tallman